UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON ZYGAJ,

    Plaintiff,         CIVIL ACTION NO. 07-CV-14288-DT

vs.

                         DISTRICT JUDGE MARIANNE O. BATTANI

JENNIFER GRANHOLM, et al.,    MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** Defendants' Motion for Summary Judgment filed on February 1, 2008 (docket no. 18) should be **GRANTED**.

**II.**    **REPORT:**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Granholm, Caruso, and Tatro. (Docket no. 18). Plaintiff has responded to Defendants' motion. (Docket no. 19). All pretrial matters have been referred to the undersigned. (Docket no. 6). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The motion is now ready for ruling.

    *A.*    *Factual Background and Claims*

Plaintiff is a Michigan state prisoner who brought this civil rights action pursuant to 42 U.S.C. § 1983 against the Governor of Michigan, the Director of the Michigan Department of Corrections (MDOC), and a correctional officer, Tatro. (Docket no. 1). Plaintiff alleges that on September 8, 2005 he was given a magazine plastic wrapper but with no magazine enclosed. He

-1-

alleges that MDOC employees unlawfully read and took his magazine. A few days later when Plaintiff complained about the missing magazine, Defendant Tatro allegedly told Plaintiff that his magazine was good and that there was nothing that Plaintiff could do about it. (Docket no. 1 at 2; no. 19 at 1). Plaintiff filed a grievance concerning his missing magazine on September 23, 2005. The grievance response stated that the magazine was to be returned to Plaintiff, but Plaintiff alleges that he never received it.

Plaintiff also alleges in his Complaint that after this incident Defendant Tatro began harassing and threatening him. Plaintiff says that Defendant Tatro told him on October 25, 2005 that Plaintiff had not felt his wrath yet. Plaintiff states that he took this comment to mean that his life was in danger. The next day Defendant Tatro allegedly called Plaintiff a snitch so that other prisoners and staff overheard him. Plaintiff alleges that this comment may cause him physical harm or death. Plaintiff says that from October 25, 2005 until he was transferred from Macomb Correctional Facility he was constantly harassed by Defendant Tatro. On November 17, 2005 Defendant Tatro allegedly told Plaintiff that he was going to beat him someday soon and that someone wanted to kill Plaintiff. Plaintiff alleges that these comments have caused him mental anguish. Plaintiff seeks as relief pre-judgment interest at the rate of twenty thousand dollars. (Docket no. 1 at 4).

  B.  *Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence

to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d. 912, 914-15 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that defendants violated a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*C.    Analysis*

*1.    Defendants Granholm and Caruso*

Defendant Granholm is the Governor of Michigan and Defendant Caruso is the Director of the MDOC. (Docket no. 1). These two Defendants first argue that Plaintiff has not exhausted his administrative remedies against them. (Docket no. 18 at 8). They attach to their Motion copies of three grievances that Plaintiff has filed while he has been incarcerated. A fourth grievance is attached to Plaintiff's Response. Only this fourth grievance, MRF-2005-10-1431-28f, and grievance no. MRF-2005-09-1330-17z relate to the claims in this action. The record shows that grievance no. 1431-28f was rejected at Step I of the grievance process because two inmates had signed the grievance in violation of MDOC Policy Directive 03.02.130(F) which states that two or more prisoners may not jointly file a single grievance regarding an issue of mutual impact. (Docket no. 18, ex. G; no. 19, ex. A). The rejection of this grievance was upheld at the Step II and III reviews. Although Plaintiff complained in this grievance of retaliation by Defendant Tatro, it did not exhaust

any of Plaintiff's remedies because it was not filed in accordance with the grievance policy.[1] *See Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2384-88 (2006) (to properly exhaust remedies, prisoners must complete review process in accordance with applicable procedural rules); *Boone v. Fighter*, 2007 WL 2694321 (E.D. Mich. Aug. 16, 2007).

The other grievance, no. 1330-17z, was exhausted through all three levels of the grievance process. However, it neither mentions Defendants Granholm and Caruso nor alleges that they took any improper action against Plaintiff. (Docket no. 18, ex. F). This grievance is against Officers Livi, Keller, Yegar, and Tatro. It alleges that they unlawfully read and took Plaintiff's magazine on September 8, 2005. (*Id.*). This grievance therefore fails to exhaust any remedies against Defendants Granholm or Caruso. *See Jones v. Bock*, 127 S.Ct. 910, 922-23 (2007) (compliance with grievance procedures required before proper exhaustion occurs); docket no. 18, ex. G, § T (MDOC Grievance Policy section requiring listing on grievance form of names of all those involved in issue being grieved). Plaintiff has not exhausted his administrative remedies against Defendants Granholm and Caruso.

Plaintiff also fails to allege any improper actions taken by these two Defendants in his Complaint. He has therefore failed to state a claim upon which relief may be granted against them. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (where complaint alleges no specific act or conduct by party and complaint is silent as to party except for name in caption, dismissal is proper even for *pro se* plaintiffs); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991) (dismissing defendants because complaint filed *pro se* named them in caption but failed to allege

---

[1] The Step I response advised Plaintiff how he could remedy this defect, but there is no showing that Plaintiff did so.

specific conduct by them in allegedly wrongful actions).  For both of these reasons, the Motion for Summary Judgment of Defendants Granholm and Caruso should be granted.

        2.     *Defendant Tatro*

Defendant Tatro remains as the sole Defendant.  He argues that Plaintiff failed to exhaust his administrative remedies against him as to any claim based on the alleged harassing and threatening comments.  (Docket no. 18 at 9).  As the preceding discussion on exhaustion shows, the only grievance that could possibly have exhausted remedies against Defendant Tatro is grievance no.1330-17z.  (Docket no. 17, ex. F).  This grievance pertained only to the claim that officers had improperly taken Plaintiff's magazine, and that Defendant Tatro made the statement, "It was a good magazine and there is nothing you can do about it."  (*Id.*).  Plaintiff does not claim that Defendant Tatro had any role in taking the magazine.[2]  (Docket no. 19 at 8 (Plaintiff "never stated Defendant Tatro took his magazine himself.")).  This alleged statement made by Defendant Tatro fails to state a claim for relief against him.  Defendant Tatro did not violate any of Plaintiff's constitutional rights by making this statement.  *See West v. Atkins*, 487 U.S. at 48.

Plaintiff's Response brief addresses only the claims that Defendant Tatro violated his right to be free from unlawful retaliation for filing grievances and his right to access the courts.  (Docket no. 19).  However, because the only grievance that Plaintiff properly exhausted failed to include any such allegations against Defendant Tatro, these claims are not exhausted.  *See Woodford v. Ngo*, 126 S.Ct. at 2384-88.  In addition, under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Defendant Tatro argues that

---

[2] Defendant Tatro has submitted his affidavit in which he states that he was not working at the time that Plaintiff alleges his magazine was taken.  (Docket no. 18, ex. A).  Plaintiff has not disputed this statement.

this is also a basis for dismissing Plaintiff's claims of retaliation and denial of access to the courts because Plaintiff alleges only mental or emotional injury as a result. (Docket no. 18 at 10-11). Plaintiff does not deny that he is alleging only mental or emotional injury. Rather, he argues that the statute should not foreclose recovery in actions alleging First Amendment violations, such as this action. (Docket no. 19 at 7). Although the Sixth Circuit has not decided whether First Amendment claims are an exception to the section 1997e(e) bar, in an unpublished decision it noted that "the majority of courts hold § 1997e(e) applies to *all* federal prisoner lawsuits." *Taylor v. United States*, 161 Fed. App'x 483, 487 (6th Cir. 2005) (emphasis in original). This Court agrees with those courts on the issue. Therefore, even if Plaintiff had properly exhausted his First Amendment claims, his requested relief in the form of money damages could not be granted. Defendant Tatro should be granted summary judgment.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 03, 2008         s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Jason Zygaj and Counsel of Record on this date.

Dated: March 03, 2008         s/ Lisa C. Bartlett
                              Courtroom Deputy