# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JASON ZYGAJ,

            Plaintiff,                    Case Number: 07-14288

v.                                             HON. MARIANNE O. BATTANI

JENNIFER GRANHOLM, et al.,

            Defendants,
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Jason Zygaj, is incarcerated in the Hiawatha Correctional Facility. On October 10, 2007, Plaintiff filed a complaint[1] pursuant to 42 U.S.C. § 1983 against Defendants Jennifer Granholm, the Governor of Michigan, Patricia L. Caruso, the Director of the Michigan Department of Corrections and Officer Tatro, a correctional officer at the Macomb Correctional Facility. According to the Complaint, on September 8, 2005, Plaintiff received a magazine plastic wrapper without the magazine. Zygaj alleges that MDOC employees read the magazine and after he complained, Tatro began harassing him.

## I. PROCEDURAL BACKGROUND

Defendants moved for summary judgment. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Mona K. Majzoub for report and recommendation. Magistrate Judge Mazoub filed her Report and Recommendation (R&R)

---

[1] Plaintiff filed an amended complaint on March 24, 2008, in which he adds other correctional officers as defendants. Because he neither sought nor received leave of the Court to amend his complaint, it plays no role in the analysis of Plaintiff's objections.

on March 3, 2008, recommending that this Court grant summary judgment to Defendants. Plaintiff has filed objections, but does not raise the dismissal of Granholm or Caruso

## II. STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 636(b)(1), "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." Upon filing of objections, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations. . . ." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

Plaintiff raises four objections to the R&R. Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure this Court has reviewed, de novo, those portions of the R&R to which specific written objections has been made. The Court addresses each below.

Plaintiff first asserts that the Report and Recommendation is erroneous because the Magistrate Judge believed that prisoners lack First Amendment rights. According to Plaintiff, Defendants "knew or had knowledge of the magazine and expressed a malicious intent to destroy or refused [to] give Plaintiff his magazine outside a needed governmental interest [ ]." Objections, p. 2. The Court disagrees.

The Report and Recommendation does not fail to recognize the existence of a constitutional right. Rather, the Magistrate Judge held that 42 U.S.C. § 1997e(e) barred Plaintiff's constitutional claim because the provision precludes a civil action by a prisoner

"for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The majority of circuit courts weighing in on the applicability have held that § 1997e(e) "applies to <u>all</u> federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." <u>Geiger v. Jowers</u>, 404 F.3d 371, 375 (5th Cir. 2005) (emphasis added). Although the Sixth Circuit has not yet published any case law on this issue, this Court concludes that the Sixth Circuit likely will follow the majority, thereby applying the provision to First Amendment claims.

Admittedly Plaintiff does not limit his claim to compensation for metnal and emotional injuries; he also seeks "other such relief as is just and equitable." Compl., p. 4. The majority of federal circuits agree that § 1997e(e) only bars claims for mental and emotional injury, not damages that do not involve mental or emotional injury. <u>See</u>, <u>e.g.</u>, <u>Royal v. Kautzky</u>, 375 F.3d 720, 723 (8th Cir. 2004) (holding that prisoner was free to seek nominal damages, punitive damages, injunctive relief, and a declaratory judgment for his First Amendment claim); <u>Thompson v. Carter</u>, 284 F.3d 411, 416 (2d Cir. 2002) (Section 1997e(e) does not "restrict a plaintiff's ability to recover compensatory damages for actual injury, nominal or punitive damages, or injunctive and declaratory relief."); <u>Allah v. Al-Hafeez</u>, 226 F.3d 247, 252 (3d Cir. 2000) (same); <u>Meade v. Plummer</u>, 344 F.Supp.2d 569, 573 (E.D.Mich. 2004) ("The plain language of [§ 1997e(e) ] does not require dismissal of constitutional claims in which no physical injury is present, since nominal and punitive damages may be recovered in cases, such as this, where First Amendment violations are alleged."). <u>See</u> <u>also</u> <u>Williams v. Ollis</u>, Nos. 99-2168, 99-2234, 2000 WL 1434459, at *2 (6th Cir. Sept.18, 2000) (noting that although most of the plaintiff's claims for money damages were precluded under 42

3

U.S.C. § 1997e(e), his First Amendment retaliation claim was not). Nevertheless, Plaintiff's claim suffers from another infirmity. The Magistrate Judge found that the claim against Tatro fails because Plaintiff failed to exhaust the claim. Plaintiff's first objection does not address the exhaustion rationale.

Next, Plaintiff argues that the Magistrate Judge erred because the Report and Recommendation does not recognize Plaintiff's right to be "free from physical harm agitated by prison guides." R&R, p. 2. Specifically, Plaintiff states that Tatro called Plaintiff a snitch in front of other inmates and said he was going to beat Plaintiff. Plaintiff asserts that prison officials must protect prisoners from assaults by other prisoners and unreasonable fear of violence. He alleges that these comments caused him mental anguish.

The R&R correctly observes that Plaintiff did not exhaust any grievance he had with Tatro. Although Plaintiff asserts that he did not have to exhaust all three steps, the R&R thoroughly analyzes the issue of exhaustion, and Plaintiff fails to demonstrate that the conclusions drawn are erroneous.

Finally, Plaintiff challenges the R&R, arguing that he has a right to be free from retaliation for engaging in protected activity. Plaintiff's objection again fails to address the basis of dismissal--that he failed to exhaust this claim. He offers no facts or documents that undermine the Magistrate Judge's rationale.

## IV. CONCLUSION

Now therefore, the Court **REJECTS** Plaintiff's objections and **ADOPTS** the Report and Recommendation in its entirety. Defendants' Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

                                                s/Marianne O. Battani
                                                MARIANNE O. BATTANI
                                                UNITED STATES DISTRICT JUDGE

DATE: May 13, 2008

CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed to Plaintiff and counsel of record on this date by ordinary mail and/or e-filing.

                                                s/Bernadette M. Thebolt
                                                Deputy Clerk